IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01597-ZLW

JOHN ERIC SANDLES,

    Plaintiff,

v.

WARDEN RIOS, et al.,
WARDEN SCIBANA, FCI Oxford, Oxford, WI,
WARDEN MCFADDEN, FMC, Springfield, MO,
MR. KLAWITTER, FCI Oxford, Oxford, WI,
MS. SPENCER, FCI Oxford, Oxford, WI,
DR. REED, FCI Oxford, Oxford, WI,
MR. FAYTONG, FCI – Oxford, WI,
MS. DRUIDS, FCI Oxford, WI,
MR. FUENTEZ, Nurse, FCI Oxford, Oxford, WI,
MR. SALAS, Captain, FCI Oxford, Oxford, WI,
MR. JONES, Chaplin, FCI Oxford, Oxford, WI,
MR. VAUGHT, Ccorrection [sic] Officer, FCI Oxford, Oxford, WI,
MR. MOORE, Lt., FCI Oxford, Oxford, WI,
MR. DIELH, Lt., FCI Florence, CO,
MR. TODD, Lt., FCI Florence, CO,
MR. BAHRENS, Lt., FCI Florence, CO,
MS. VELENQUEZ, Counselor, FCI Florence, CO,
MR. LEE, Mailroom, FCI Florence, CO,
MR. NELSON, Mailroom, FCI Florence, CO,
MR. RICHARDS, Lt., FCI Springfield, MO,
UNKNOWN NAME, Captain, FCI Springfield, MO,
MR. PEARSON, Doctor, FCI Springfield, MO,
UNKNOWN THERAPIST, FCI Springfield, MO,
MR. HAZZELWOOD, Doctor, FCI Springfield, MO,
MS. RICHARDS, Lt., FCI Springfield, MO, and
MS. JONES, Corrections Officer, FCI Springfield, MO,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the "Motion for Reconsideration to Reinstate Case" filed by Plaintiff John Eric Sandles on November 17, 2005. Mr. Sandles is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at FCI Florence.

On August 8, 2005, Mr. Sandles submitted to the Court a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge O. Edward Schlatter granted Mr. Sandles leave to proceed pursuant to 28 U.S.C. § 1915, on September 21. In the September 21 Order, Magistrate Judge Schlatter directed Plaintiff to pay an initial partial filing fee of $21.00 within thirty days or to show cause why he has no assets and no means by which to pay the designated initial fee.

The September 21 Order warns Mr. Sandles that if he fails within the time allowed to have the $21.00 sent to the Clerk of the Court or to show cause why he has no assets and no means by which to pay the $21.00, the Complaint would be dismissed without further notice. Mr. Sandles failed either to pay the $21.00 or to show cause why he was unable to do so within the time allowed. Therefore, on November 2, the Court dismissed the Complaint and the action without prejudice.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. ***Id.***; *see also **Dalton v. First Interstate Bank***,

2

863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The November 2 Order dismissed the Complaint and action without prejudice for Plaintiff's failure to pay the $21.00 initial partial filing fee within the time allowed. The instant Motion, although filed on November 17, was signed and dated on November 13. Plaintiff, therefore, has filed the Motion within ten days of the final judgment in the instant action. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also* Fed. R. Civ. P. 6(a). The Court construes the Motion as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Upon consideration of the entire file, the Court finds and concludes that Mr. Sandles fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss the action. Plaintiff's claim, that the institution did not subtract the money from his account in time due to a "systematic oversight" and that as soon as he had access to the monies he had his wife mail the funds to the Court, does not convince the Court to vacate the dismissal. Plaintiff provides no evidence of a systematic oversight. Furthermore, Plaintiff failed to communicate with the Court regarding the delay caused by the BOP and request an extension of time. Moreover,

the fact remains that the Court did not receive the $21.00 within the time required. Therefore, the Motion to Reconsider will be denied. Mr. Sandles is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion filed with the Court on November 17, 2005, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 30 day of Nov., 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   05-cv-01597-OES

John Eric Sandles
Reg. No. 22367-086
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _12/1-05_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk